FILED

2004 APR -6  A 10: 10

U.S. DISTRICT COURT
HARTFORD, CT.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN W. CORRELL | : | CIVIL ACTION |
| | : | 304CV564 (CFD) |
| vs. | : | COMPLAINT AND |
| | : | JURY DEMAND |
| COMPUWARE CORPORATION | : | |

## COMPLAINT

### PARTIES

1. Plaintiff, JOHN W. CORRELL, is an adult individual, who, at all times relevant to this complaint, has been a citizen of the United States and a resident of the town of Durham, Connecticut.

2. Defendant, COMPUWARE CORPORATION, is a corporation existing and/or qualifying under the laws of the state of Michigan, with a principal place of business at 31440 Northwestern Highway, Farmington Hills, Michigan 48334-2564.

### JURISDICTION AND VENUE

3. The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332 because the Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs

4. The Court also has jurisdiction pursuant to 29 U.S.C. § 621, et seq., as amended

April 6, 1978

5. Venue is proper in the United States District Court for the District of Connecticut under 28 U.S.C. §§ 1391 (a) and 1391 (c).

## FACTS

6. On or about October 13, 1997, Plaintiff entered into an employment agreement with Defendant, pursuant to which Plaintiff would work for Defendant as an account manager selling Defendant's products in the Connecticut, Western Massachusetts and Upstate New York areas.

7. Defendant's regional headquarters office for the northeast region was located in Framingham, Massachusetts.

8. Plaintiff's compensation included a base salary, commissions and bonuses.

9. Plaintiff, during his employment with Defendant, performed all obligations and services required of him pursuant to his employment agreement.

10. On or about March 30, 2001, Defendant terminated Plaintiff's employment because of his age, which was 55 at the time of his termination.

11. At the time of his termination, Defendant's failed and/or refused to pay to Plaintiff certain sums of money due to him pursuant to the terms of his employment with Defendant and in accordance with all applicable laws and regulations.

## COUNT I - AGE DISCRIMINATION

12. At the time Plaintiff was terminated by defendant, defendant was aware of the

provisions of the Age Discrimination in Employment Act of 1967, as amended. Defendants acted willfully and with reckless disregard of the law in depriving plaintiff of employment, solely because of age.

13. Plaintiff timely filed age discrimination charges with the United States Equal Employment Opportunity Commission and with the Civil Rights Commission of the State of Connecticut and he has exhausted all his administrative remedies.

## COUNT II- BREACH OF CONTRACT

14. Plaintiff incorporates herein by reference Paragraphs 1 through 13 inclusive, as if fully set forth herein.

15. In accordance with plaintiff's employment agreement, defendant was to pay plaintiff sales commissions on sales made by plaintiff.

16. When the defendant terminated plaintiff's employment, the defendant owed to plaintiff certain commissions on sales made by plaintiff prior to his termination.

17. Although plaintiff requested and was due said commissions, the defendant has failed and/or refused to pay said commissions and is thereby in breach of it's employment agreement with plaintiff.

18. Plaintiff has thereby suffered damages.

## COUNT III-STATUTORY VIOLATION-SALES COMMISSIONS

19. Plaintiff incorporates herein by reference Paragraphs 1 through 18 inclusive, as if fully set forth herein.

20. In accordance with the employment agreement between plaintiff and defendant, and § 600.2961 of the Michigan General Statutes, plaintiff was entitled to certain sales commissions at the time of his employment.

21. Defendant has failed and or refused to pay said commissions and is thereby in violation of § 600.2961 of the Michigan General Statutes and is liable to plaintiff pursuant to that statute.

## IV-CLAIMS FOR RELIEF

WHEREFORE, the plaintiff prays that this Court:

1. Assume jurisdiction over this action, including any pendent state claims raised herein,

2. pay compensatory damages to the plaintiff;

3. pay punitive damages to the plaintiff;

4. pay double damages to the plaintiff and attorneys fees in accordance with of § 600.2961 of the Michigan General Statutes;

5. Award costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and any applicable State Laws;

6. Grant such other and further relief as appears just and reasonable.

A jury trial is hereby requested.

Dated at Hartford, Connecticut this          day of February, 2004

The Plaintiff,
John Correll

by _____
Barbara J. Collins, his attorney
44 Capitol Avenue, suite 402
Hartford, CT 06106
860-297-6519
